## STIVING v ANDERSON et

Ohio Appeals, 5th Dist, Richland Co

No 452.   Decided Sept 20, 1934

Reed & Beach, Mansfield, for plaintiff in error.

Weldon & Huston, Mansfield, for defendants in error.

## OPINION

By LEMERT, J.

In the presentation of this case, considerable time was given to the discussion, both orally and in brief as to whether or not the guaranty presents or indicates a joint or a joint and several liability. Whether the guaranty hereinbefore mentioned is joint, or joint and several, the record discloses that all of the guarantors of this guaranty have been made defendants in this action and a summons has been issued against each and all of the defendants so that an action has been commenced against all the defendants in accordance with §11279 GC and it might be well to note that constructive service could not be had against any of the defendants as provided in §11292 GC, because plaintiff is asking for personal judgment and none of the provisions under said section apply.

Our attention is then given to §11299 GC which provides as follows:

"When service has been made on one or more defendants, but not on all, the plaintiff may proceed as follows:

(1) If the action is against defendants severally liable, without prejudice to his rights against those not served, against the defendants served."

In the case of **Bazill v Busher, 31 Oh St, 572,** the syllabus reads as follows:

"Sec 77 GC authorizes judgment against such joint contractors as have been served with summons in the action in those cases only where action was commenced by the filing of a petition and the issuing of a summons against all of the joint contractors."

We also note the case of **Yoha v McGovern, 42 Oh St, 11.** The court applies §11299 GC to an action against two joint makers of a promissory note, one of whom was served and the other was not served because he was a non-resident and the court there held that the action could proceed to judgment against the debtor served with summons and used the following language:

"A careful examination of the authorities will demonstrate that the principle upon which this rule is grounded is that if one of several joint contractors is beyond the jurisdiction of the court out of the reach of its process, this creates a necessity of allowing the action to proceed against those within its jurisdiction and this without effecting the liability of the former order to avert an entire failure of justice."

Applying the above statutes and holdings to the instant case, we are of the opinion that the court below committed error in the dismissal of said cause and we are, therefore, bound to reverse this case which is accordingly done and the cause remanded to the Court of Common Pleas for further proceedings according to law.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.